IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DUFFY, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| | : | Case # |
| KEYSTONE AUTOMOTIVE | : | |
| DISTRIBUTORS COMPANY LLC, | : | |
| KEYSTONE AUTOMOTIVE | : | |
| DISTRIBUTORS, INC., | : | Jury Trial Demanded |
| KEYSTONE AUTOMOTIVE | : | |
| OPERATIONS, INC., T/D/B/A | : | |
| KEYSTONE AUTOMOTIVE | : | |
| DISTRIBUTORS COMPANY | : | |
| | : | |
| Defendants | : | |

## COMPLAINT

## I.  JURISDICTION

1.      This action is authorized and instituted pursuant to § 7(b) of the

Age Discrimination in Employment Act (ADEA), 29 U.S.C. §626(b); and, the

Pennsylvania Human Relations Act, 43 P.S. §955 *et seq*.

2.      The jurisdiction of this Court is invoked pursuant to the provisions of

28 U.S.C. §§1331, and 1343; and, the Age Discrimination in Employment Act of

1974 (ADEA), 29 U.S.C. §621(a), as well as its pendent jurisdiction over state

claims. Declaratory relief is sought under 28 U.S.C. §2201 and 2202.

3.      The unlawful employment practices and other actions alleged

herein were committed within the Middle District of Pennsylvania.

4.      The amount in controversy in this matter exceeds one hundred thousand dollars ($100,000.00).

**II.     PARTIES**

5.      Plaintiff Michael Duffy is an adult individual, who is a citizen of the United States and resides at 2301 Birney Avenue, Lackawanna County, Pennsylvania 18505.

6.      Defendant Keystone Automotive Distributors Company, LLC. is a corporation organized and existing under the laws of the state of Delaware, with a registered office at 44 Tunkhannock Avenue, Exeter, Luzerne County, Pennsylvania 18643.  Defendants Keystone Automotive Distributors Inc. and Keystone Automotive Operations, Inc. are business organizations organized and existing under the laws of the Commonwealth of Pennsylvania, with principal offices located at 44 Tunkhannock Avenue, Exeter, Luzerne County, Pennsylvania 18643.

7.      Defendants trade and do business under the name Keystone Automotive Distributors Company.

8.      At all times material hereto, Defendants were, and are, employers within the meaning of the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act, were engaged in an industry affecting commerce, and have employed twenty (20) or more employees for every working day in each of twenty (20) or more calendar weeks in the current and preceding calendar year.

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.      Plaintiff has complied with all applicable administrative prerequisites to the bringing of a Complaint under the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act.

### IV.  RIGHT OF EQUITABLE RELIEF

10.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is the only means of securing adequate relief.

### V.   JURY TRIAL DEMANDED

11.     Plaintiff demands a trial by jury in this matter.

### VI.   FACTUAL ALLEGATIONS

12.     Plaintiff was employed by Defendants as Director of Freight.

13.     Plaintiff's date of birth is January 1, 1954.

14.     At all times material hereto, Plaintiff performed his duties in a competent, professional and workmanlike manner.

15.     Plaintiff was qualified to perform his job for Defendants.

16.     On April 15, 2008 Defendants terminated Plaintiff's employment.

17.     Defendants terminated Plaintiff's employment on account of his age.

18.     The reasons given by Defendants for Plaintiff's termination were pretextual on account of his age.

19.     Plaintiff was treated less favorably by Defendants than similarly situated employees younger than him.

20.     Plaintiff's functions are being performed by a younger person.

21.     As a result of the actions and omissions of Defendants, Plaintiff suffered damages in the form of loss of income, compensation, employment and emotional distress.

## COUNT I

## AGE DISCRIMINATION IN EMPLOYMENT ACT

## 29 U.S.C. §623(a)

22.     Paragraphs 1 through 21 are incorporated herein by reference as though set forth in full.

23.     The Defendants' termination of the Plaintiff was on account of Plaintiff's age.

24.     The Defendants' adverse action against the Plaintiff was willful.

25.     Plaintiff has suffered damages in the form of loss of compensation and other damages, on account of this age discrimination.

WHEREFORE, Plaintiff prays for entry of the following relief:

a.     Entry of a declaratory judgment that the Defendants' policies and practices complained of herein violate the Plaintiff's rights protected under the ADEA;

b.     Entry of a preliminary and permanent injunction enjoining the Defendants, their officers, employees, agents and all persons acting in concert with the Defendants from violating the provisions of the ADEA;

c.     Entry of an Order requiring Defendants to reinstate the Plaintiff the position of Director of Freight, with all back pay, allowances,

4

seniority, and other employment benefits he would have accrued had he not been wrongfully terminated; or, in the alternative, entry of a money judgment against the Defendants awarding Plaintiff damages representing lost wages and other sums of money including retirement benefits and other employment benefits which the Plaintiff would have earned had he not been discriminated against, together with interest on said amount from the date of the adverse employment action against the Plaintiff;

       d.     That this Honorable Court order the Defendants to pay the Plaintiff back pay and front pay;

       e.     That this Honorable Court order the Defendants to pay the Plaintiff liquidated damages;

       f.     That this Honorable Court order the Defendants to pay the Plaintiff reasonable attorneys' fees and costs in pursuance of this action;

       g.     That this Honorable Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require Defendants to file such reports as this court deems necessary to evaluate such compliance, and

       h.     An award to Plaintiff of such other and further relief as this court deems just and proper.

**COUNT II**

**PENNSYLVANIA HUMAN RELATIONS ACT**

**43 P.S. §955(a)**

26.     Paragraphs 1 through 25 are incorporated herein by reference as though set forth in full.

27.      Defendants' termination of Plaintiff was on account of Plaintiff's age.

28.     The unlawful employment practices hereinbefore stated constitute violations of the Pennsylvania Human Relations Act, 43 P.S. §955(a).

WHEREFORE, Plaintiff prays for the entry of the following relief:

a.     That this Court declare that the practices in which the Defendants have engaged are discriminatory and in violation of the Pennsylvania Human Relations Act, 43 P.S. §955(a);

b.     That this Court permanently enjoin the Defendants from engaging in the discrimination against its employees on account of age;

c.     That this Court order the Defendants to reinstate the Plaintiff to the position of Director of Freight with all back pay, allowances, seniority, and other employment benefits;

d.     That this Court permanently enjoin the Defendants from discriminating against its employees on account of age with regard to the terms and conditions of employment;

e.     That this Court order the Defendants to pay to Plaintiff back pay, front pay, and compensatory damages;

f.     That this Court order the Defendants to pay the Plaintiff's reasonable attorneys' fees and costs of this action;

g.      That this Court retain jurisdiction over this action to ensure

full compliance with the Orders of this Court and with applicable laws and require

Defendants to file such reports as this Court deems necessary to evaluate such

compliance; and,

h.      That this Court order such other and further relief as may be

just and equitable.

RESPECTFULLY SUBMITTED:

Borland & Borland, LLP
/s/ Kimberly D. Borland
Kimberly D. Borland, Esquire
Attorney ID #23673
69 Public Square, 11th Floor
Wilkes-Barre, PA  18701
(570) 822-3311
(570) 822-9894 (fax)
borlandk@borlaw.com
Attorney for the Plaintiff

/s/ Robert C. Cordaro
Robert C. Cordaro, Esquire
Attorney ID #46569
116 North Washington Avenue
Suite 200
Scranton, PA  18503
(570) 343-2500
(570) 207-0499 (fax)
cordarolaw@frontiernet.net
Attorney for the Plaintiff